ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LISA N. SPICKERS SEPÚLVEDA, NOEL RAMÍREZ RIVERA,<br><br>Apelada,<br><br>v.<br><br>PROGRAMA DE POLÍTICA PÚBLICA ENERGÉTICA DEL DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO,<br><br>Apelada. | KLAN202500529 | APELACIÓN acogida como *CERTIORARI*, procedente del Tribunal de Primera Instancia, Sala Superior de San Juan.<br><br>Civil núm.: SJ2023CV07623.<br><br>Sobre: *injunction* (entredicho provisional, *injunction* preliminar y permanente). |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de julio de 2025.

El 11 de junio de 2025, el Colegio de Peritos Electricistas de Puerto Rico (Colegio) instó un escrito intitulado *Apelación*, el cual fue acogido como un recurso de *certiorari*[1]. En él, solicitó que este Tribunal revisara la *Resolución* emitida por el Tribunal de Primera Instancia el 24 de abril de 2025, notificada al próximo día. Mediante esta, el foro primario declaró sin lugar la *Solicitud de relevo de sentencia por falta de parte indispensable y nulidad de sentencia*, presentada por el Colegio el 14 de abril de 2025.

Examinada la petición y el escrito en oposición de la parte recurrida del título, este Tribunal deniega la expedición del auto de *certiorari*. A continuación, reseñamos el tracto procesal relevante.

I

Conforme surge del expediente, el 8 de agosto de 2023, Lisa N. Spickers Sepúlveda y Noel Ramírez Rivera (en conjunto, parte recurrida) instaron una demanda de interdicto permanente contra el Programa de

---

[1] Véase, *Resolución* emitida el 13 de junio de 2025.

Número identificador

RES2025_____

Política Pública Energética del Departamento de Desarrollo Económico y Comercio (DDEC)[2]. Por medio de esta, solicitaron una orden de cese y desista contra el DDEC, para que este dejara de exigir evidencia de colegiación a los peritos electricistas, como parte del proceso de emisión de certificaciones para instalar sistemas eléctricos renovables. Como fundamento, precisaron que el requisito de colegiación compulsoria de los peritos electricistas, –exigido por la Ley Núm. 131 de 28 de junio de 1969, según enmendada, conocida como *Ley del "Colegio de Peritos Electricistas de Puerto Rico"*, 20 LPRA sec. 2011, *et seq.*– había sido declarado inconstitucional, mediante sentencia final y firme dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, en el caso SJ2019CV08293.

Tras múltiples incidencias procesales, el 20 de diciembre de 2024, el foro recurrido declaró con lugar el *injunction* permanente[3].

Transcurridos casi cuatro meses, el 14 de abril de 2025, el Colegio presentó su *Solicitud de relevo de sentencia por falta de parte indispensable y nulidad de sentencia*[4]. En primer lugar, adujo que la parte recurrida no había sido parte en el caso SJ20219CV08293, por lo que lo allí resuelto no le era vinculante. En segundo lugar, indicó que esta misma parte carecía de legitimación activa para solicitar el remedio requerido a nombre de todos los peritos electricistas, como había señalado en su escrito. Añadió que, a través del dictamen emitido, el foro primario había concedido un remedio a terceras personas que no eran parte del pleito, lo que acarreaba su nulidad.

En tercer lugar, el Colegio expresó que la sentencia emitida en el caso SJ2019CV08293 únicamente había declarado inconstitucional ciertas disposiciones de la Ley Núm. 131-169, por lo que cualquier otra ley o reglamento que requiriese la colegiación de los peritos electricistas se

---

[2] *Véase*, apéndice del recurso, a las págs. 1-7.

[3] *Íd.*, a las págs. 90-98.

[4] *Íd.*, a las págs. 99-107.

presumía constitucional hasta que el Tribunal Supremo declarase lo contrario.

Por último, señaló que la sentencia dictada en el caso SJ2019CV08293 resultaba nula por falta de parte indispensable, pues la Junta Examinadora de Peritos Electricistas no había sido parte en aquel primer pleito. Añadió que ello acarreaba la nulidad de esta segunda sentencia recurrida, dado que esta se sustentaba en lo resuelto por la primera.

El 23 de abril de 2025, la parte recurrida presentó su moción en oposición[5]. En resumen, adujo que la determinación de inconstitucionalidad en el caso SJ2019CV08293 se extendía a todas las disposiciones legales que exigieran la colegiación compulsoria de los peritos electricistas, así como a todos los peritos electricistas.

El 25 de abril de 2025, el Tribunal de Primera Instancia declaró sin lugar la solicitud presentada por el Colegio[6].

En desacuerdo, el 9 de mayo de 2025, el Colegio solicitó la reconsideración y reiteró sus argumentos[7]. El 15 de mayo de 2025, el tribunal *a quo* declaró sin lugar la solicitud de reconsideración.[8] Concluyó que el resultado del pleito no incidía directamente en un derecho propietario del Colegio, por lo que este no se consideraba como parte indispensable.

Inconforme aún, el Colegio de Peritos Electricistas recurre ante nos y en su recurso formula los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia al resolver que el Colegio de Peritos Electricistas no es parte indispensable en este caso.

Erró el Tribunal de Primera Instancia al negarse a conceder el relevo por nulidad de sentencia por falta de legitimación activa de los apelados y por falta de parte indispensable.

Erró el Tribunal de Primera Instancia al sostener la validez de una sentencia amparándose en lo resuelto en otro caso de su mismo nivel jerárquico (otra sentencia del TPI) y que, al

---

[5] *Véase*, apéndice del recurso, a las págs. 110-115.

[6] *Íd.*, a la pág. 116.

[7] *Íd.*, a las págs. 117-127.

[8] *Íd.*, a la pág. 128.

conceder remedio "a todos los peritos electricistas licenciados", se extiende el remedio a terceros que no eran parte en el caso y en cuanto a los cuales los demandantes no tienen legitimación activa.

(Énfasis omitido).

El 27 de junio de 2025, la parte recurrida instó su oposición a la expedición del recurso. Adujo que el Colegio no había establecido razón válida de por qué debía ser considerado como parte indispensable en el pleito. Añadió que este tampoco había identificado qué derecho propietario le había sido perjudicado por la sentencia recurrida.

Por otra parte, puntualizó que el argumento del Colegio —respecto a que la sentencia que declaró inconstitucional el requisito de colegiación aplicaba exclusivamente a las partes de aquel caso y no a toda la ciudadanía— resultaba en un sin sentido.

Evaluados los argumentos de las partes litigantes, denegamos la expedición del auto de *certiorari*.

II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

III

Evaluadas las sendas posturas de las partes, el expediente y sus anejos, este Tribunal concluye que el Colegio no nos ha persuadido de que el foro primario hubiera incurrido en un craso abuso de discreción o que hubiera actuado con prejuicio o parcialidad, o que se hubiera equivocado en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Así pues, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, resolvemos denegar la expedición del auto de *certiorari*.

IV

En mérito de lo antes expuesto, este Tribunal **deniega** la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones